# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DENNIS HOLT,<br>    Plaintiff, | Case No. 1:19-cv-583 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| LEGAL CLERK HOCKETT, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, incarcerated at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint, which this Court construes as filed under 42 U.S.C. § 1983,[1] against defendants Legal Clerk Hockett, Inspector Mahlman, and Deputy Warden Cool, alleging that defendants violated his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**I.    Screening of Complaint**

    **A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

---

[1]*See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights ... secured by the Constitution and laws.'") (footnote omitted).

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

Plaintiff alleges that defendant Hockett opened plaintiff's legal mail multiple times outside of his presence. (Doc. 1-1, at PageID 33). Plaintiff alleges that Hockett then copied plaintiff's legal mail, put it back in the envelope, and brought it to him "on camera, to manipulate the cameras as if she just opened the legal mail." (Doc. 1-1, at PageID 33).

Plaintiff alleges that defendant Cool "turned a blind eye to" and refused to correct Hockett's alleged actions (Doc. 1-1, at PageID 35), and that defendant Mahlman failed to respond to plaintiff's grievances. (Doc. 1-1, at PageID 36). Plaintiff claims that defendants are acting in concert with one another and "OSP" [Ohio State Penitentiary], where plaintiff was

3

housed prior to SOCF, and that defendants' actions were taken in retaliation for a lawsuit that plaintiff filed against employees at OSP. (*Id.* at PageID 34-37). Plaintiff also states that he has been harassed by unidentified SOCF staff, his "legal mail comes up missing in cell shakedowns," and his "regular mail" is "being played with." (Doc. 1-1, at PageID 36-37).

For relief, plaintiff seeks monetary damages and declaratory relief. (Doc. 1-1 at PageID 38).

**C.     Analysis**

Liberally construed and without the benefit of briefing by the parties, the complaint is deserving of further development and may proceed at this juncture against defendant Hockett with respect to plaintiff's claim concerning the opening of his legal mail. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). However, the complaint should otherwise be dismissed for failure to state a claim.

First, plaintiff's claims against any defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663. A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658,

690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

The complaint should also be dismissed as to defendant Cool. Plaintiff seeks to hold Cool liable for the conduct of his subordinates or for failure to take corrective action. To the extent that plaintiff names Cool as a defendant because of his supervisory position in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 694); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has not alleged sufficient factual content for the Court to infer that Cool was personally involved or acquiesced in any unconstitutional behavior.

Next, plaintiff's claims against defendant Mahlman should be dismissed. Plaintiff seeks to hold Mahlman liable based on allegations that plaintiff's grievances have gone unanswered. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee*, 199 F.3d at 300. Plaintiff has not alleged facts suggesting that Mahlman directly participated in

5

any alleged unconstitutional conduct. Moreover, to the extent plaintiff complains that Mahlman failed to properly respond to his complaints, plaintiff fails to state a claim for relief because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted).

To the extent that plaintiff asserts that defendants Cool and Mahlman violated plaintiff's right to due process by failing to investigate plaintiff's claims, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10cv968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011) (same). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy,* 729 F.2d at 421.

Next, to the extent that plaintiff seeks to bring a First or Fourth Amendment claim based on his allegations that his "legal mail comes up missing in cell shakedowns" (Doc. 1-1, at PageID 36) and that his "regular mail" is being "played with" (Doc. 1-1, at PageID 37), his allegations are merely conclusory and insufficient to state a claim upon which relief may be granted. *See Twombly*, 550 U.S. at 557. Moreover, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Further, plaintiff has not alleged that any named defendant was personally involved in these alleged actions. *See Moore v. Michigan*, No. 1:07-cv-561, 2008 WL 724151, at *9 (W.D. Mich. Mar. 17, 2008) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.").

Plaintiff also has not stated a retaliation claim against defendants. A prisoner's claim of retaliation "for engaging in protected conduct is grounded in the First Amendment." *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X*, 175 F.3d at 394).

Plaintiff's retaliation claim is subject to dismissal because plaintiff has not alleged any facts suggesting a causal connection between the alleged adverse action and protected activity. Plaintiff suggests that defendants retaliated against him for a complaint that plaintiff filed against non-defendant employees at another prison. (*See* Doc. 1-1, at PageID 34-36). However, "not every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) ("alleging merely the ultimate fact of retaliation is insufficient")). Plaintiff offers only a conclusory assertion that defendants were motivated by plaintiff's prior lawsuit. (*See* Doc. 1, at PageID 34-36). Without any "further factual enhancement," plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly*, 550 U.S. at 555-57. *See also Boxill v. O'Grady*, 935 F.3d 510, 518-19 (6th Cir. 2019) (finding that the district court properly dismissed the plaintiff's First Amendment retaliation claim where the plaintiff "offered no plausible, non-conclusory facts to show that [the defendant] was even aware

7

of [the plaintiff's] complaints against him."). *Cf. Brown v. Carpenter*, 889 F. Supp. 1028, 1034 (W.D. Tenn. 1995) ("A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.").

Nor has plaintiff stated a plausible conspiracy claim against defendants. It is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Boxill*, 935 F.3d at 519 (dismissal appropriate where the plaintiff failed to state any "plausible, non-conclusory facts to demonstrate that [the defendants] joined [the] conspiracy, shared in the conspiratorial objective, and/or committed specific acts in furtherance of the conspiracy"); *Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, construing the complaint liberally, plaintiff's factual allegations are insufficient to suggest that the defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right.

To the extent that plaintiff also intends to raise an Eighth Amendment claim, he has failed to state a claim upon which relief may be granted. "To prove an Eighth Amendment violation, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities." *Estep v. Million*, No. 98-6322, 1999 WL 776202, at *1 (6th Cir. Sept. 24, 1999) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff fails to present facts from which the Court can infer that plaintiff was deprived of the minimum civilized measures of life's necessities. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557.

Finally, to the extent plaintiff claims that defendants violated his procedural due process rights by failing to follow prison policies, a prison official's failure to comply with a state administrative rule or policy does not itself rise to the level of a constitutional violation. *See Laney v. Farley,* 501 F.3d 577, 581 n. 2 (6th Cir. 2007); *Smith v. Freland,* 954 F.2d 343, 347–48 (6th Cir.1992); *McVeigh v. Bartlett,* No. 94-2347, 1995 WL 236687, at * 1 (6th Cir. Apr. 21, 1995) (noting that the failure to follow a prison policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).

Accordingly, in sum, plaintiff may proceed at this juncture with his claim concerning the opening of his legal mail against defendant Hockett. However, plaintiff's complaint should be dismissed in all other regards.

**IT IS THEREFORE RECOMMENDED THAT:**

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claim concerning the opening of his legal mail against defendant Hockett.

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Hockett.

2. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge

9

which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

      3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

                                        *s/Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENNIS HOLT,<br> Plaintiff, | Case No. 1:19-cv-583 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| LEGAL CLERK HOCKETT, et al.,<br> Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).